UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

CENTER FOR INDIVIDUAL RIGHTS,

       Plaintiff,

   v.

IRINA CHEVALDINA,

       Defendant.

_____/

## COMPLAINT

### Jurisdiction and Venue

1.      This Court has jurisdiction under 28 U.S.C. Section 1332 over this action because the parties are diverse and the amount in controversy exceeds $75,000.

2.      Venue is proper in this district pursuant to 28 U.S.C. Section 1391 because defendant lives in this district and the relevant actions she took involve another case in this district, *Katz v. Google, Inc.*, S.D. Fla. Case No. 1:12-cv-22211-JLK (the "*Katz* case").

### Parties

3.      Plaintiff Center for Individual Rights ("CIR") is a public interest law firm organized under the laws of the District of Columbia.  Its office is located in D.C.

4.      Defendant Irina Chevaldina is a citizen of Florida and a resident of this district.

## Claim For Relief

5.      In the *Katz* case, defendant Chevaldina was sued for copyright infringement for her use of a photograph that the plaintiff in that case (Raanan Katz) claimed he owned the copyright to.

6.      In an order dated September 5, 2014, this Court granted Chevaldina's motion for summary judgment, holding that her use of the photograph was "fair use" under the copyright laws and thus not an infringement of Katz's copyright.

7.      Katz appealed the final judgment in the *Katz* case to the Eleventh Circuit.

8.      In or around March 2015, Chevaldina retained plaintiff CIR to represent her in the Eleventh Circuit.  Chevaldina and CIR executed a retainer agreement.  A true and correct copy of the retainer contract is attached as Exhibit 1 and is incorporated by reference herein.

9.      The agreement states that Chevaldina "agrees to assign to CIR any court-awarded costs or fees attributable to the work of CIR employees."

10.     It also states that Chevaldina "agrees to require a reasonable amount for CIR's costs, expenses, disbursements, and attorneys' fees in any settlement."

11.     Representing Chevaldina, CIR drafted and filed an appellee's brief in the Eleventh Circuit, as well as other documents related to the appeal.  Thus, CIR fully performed its part of the retainer contract.

Mandel & Mandel LLP
1200 Alfred I. duPont Building   ·   169 East Flagler Street   ·   Miami, Florida   ·   Telephone 305.374.7771

12.     On September 17, 2015, the Eleventh Circuit issued a *per curiam* opinion affirming this Court's grant of summary judgment to Chevaldina.

13.     Representing Chevaldina, CIR submitted a bill of costs for $133.99 on October 1, 2015.  On October 30, 2015, the Eleventh Circuit approved that bill of costs.

14.     On October 15, 2015, representing Chevaldina, CIR submitted an application for an award of fees pursuant to 17 U.S.C. § 505 and Eleventh Circuit Rule 39-2.  The application sought $114,865 for attorneys fees and $93.95 in non-taxable costs.

15.     The application sought fees for time spent through October 13, 2015.  CIR would have sought additional fees for time spent after that date.

16.     In December 2015, represented by another attorney, Chevaldina settled the *Katz* case.  In the settlement, Chevaldina obtained only $10,000 in total for attorneys' fees for the work of CIR's attorneys as well as both taxable and non-taxable costs.

17.     Chevaldina instructed CIR to withdraw the motion for fees and costs to the Eleventh Circuit, and CIR did so.

18.     In the settlement, Chevaldina did not obtain a reasonable amount in attorneys' fees for the work of CIR's attorneys.  She breached the retainer contract with CIR, and as a result, CIR incurred damages.

19.     Chevaldina settled the *Katz* case to obtain a personal benefit for herself.  In exchange for Chevaldina agreeing to the unreasonably low sum of $10,000 in attorneys' fees for

Mandel & Mandel LLP
1200 Alfred I. duPont Building   ·   169 East Flagler Street   ·   Miami, Florida   ·   Telephone 305.374.7771

the work of CIR's attorneys, Katz agreed to drop a substantial claim against Chevaldina – in excess of $100,000 – for attorneys' fees and costs in another matter.

THEREFORE, plaintiff seeks judgment against defendant as follows:

A.    Awarding CIR its damages in an amount to be determined at trial, but no less than $105,000;

B.    Awarding plaintiff reasonable costs and expenses in accordance with 28 U.S.C. § 1920 and any other appropriate authority; and

C.    Granting plaintiff any other appropriate remedy.

Respectfully submitted,

David S. Mandel
  FBN 38040
MANDEL & MANDEL LLP
169 E. Flagler St., Suite 1200
Miami, FL 33131
Telephone: 305.374.7771
Facsimile: 305.374.7776
dsm@mandel.law

Michael E. Rosman (pro hac vice motion forthcoming)
Michelle Scott (pro hac vice motion forthcoming)
CENTER FOR INDIVIDUAL RIGHTS
1233 20th St. NW, Suite 300
Washington, DC 20036
(202) 833-8400

*Attorneys for Plaintiff Center for Individual Rights*

Mandel & Mandel LLP
1200 Alfred I. duPont Building   ·   169 East Flagler Street   ·   Miami, Florida   ·   Telephone 305.374.7771