# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA.

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

This matter is before the Court on Irina Chevaldina's[1] ("Defendant") Motion to Strike ("Motion") the affirmative defenses in the counterclaim filed by the Center for Individual Rights ("Plaintiff" or "CIR"). [D.E. 47]. Plaintiff responded on June 26, 2017 [D.E. 53] and Defendant replied on July 6, 2017. [D.E. 56]. Therefore, Defendant's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Defendant's Motion is **GRANTED**.

---

1    Defendant is representing herself *pro se* in this matter.

## I. BACKGROUND

This is an action for breach of contract. The Complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff successfully represented Defendant *pro bono* in an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Defendant in a copy infringement action.[2] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Defendant had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that she only asked Defendant for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Defendant provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Defendant decided to settle the case, Plaintiff alleges that Defendant was also obligated to provide Plaintiff with a reasonable amount of attorney fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorney fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in

---

[2] Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

attorney fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of $10,000 in attorney fees, Plaintiff alleges that Defendant agreed with Katz to drop a substantial claim against Defendant in excess of $100,000 for attorney fees. Because Plaintiff alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Defendant in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## II. APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.,* 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.,* 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of FED R. CIV. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec.*

*Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *See Microsoft Corp.*, 211 F.R.D. at 684.

### III. ANALYSIS

Defendant's Motion is directed at Plaintiff's affirmative defenses and argues that in response to Defendant's counterclaim, Plaintiff's defenses fail to (1) state a claim for relief, (2) comply with Federal Rule of Civil Procedure 8, or (3) state any facts in support. Defendant alleges in her counterclaim that Plaintiff violated the Driver's Privacy Protection Act. Specifically, the counterclaim alleges that "[o]n or around January 6, 2017, CIR knowingly and willfully filed to public records unreducted [sic] [Chevaldina's] protected personal information from a motor vehicle record, including, but not limited to drivers' license number, date of birth, height, date of issue . . . in the case Center for Individual Rights NO. 16-cv-20905JLK." [D.E. 35 at ¶ 12]. Defendant further alleges that "[t]he inclusion of the unredacted protected personal information constitutes an ongoing threat of identity theft to [Chevaldina]." *Id.* at ¶ 15.

Plaintiff answered and generally denied the allegations in the counterclaim. [D.E. 43]. Plaintiff also asserted four affirmative defenses: (1) failure to state a

5

claim, (2) laches, (3) mootness on the claim for injunctive and declaratory relief, and (4) failure to mitigate. Plaintiff argues that Defendant's Motion lacks merit because, although some courts have held that Rule 8 applies to affirmative defenses, the vast majority of courts in the Eleventh Circuit have ruled otherwise. Because the weight of authority purportedly favors the view that affirmative defenses need not comply with *Twombly* and *Iqbal*, Plaintiff requests that Defendant's Motion be denied.

There is currently a split of authority in the Eleventh Circuit on whether affirmative defenses must comply with Rule 8. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal* applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *See also Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc.* 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3).

If this interpretation of Rule 8(a) and affirmative defenses is correct, then defenses which offer labels or conclusions are inappropriate because they would have to include factual allegations to "raise a right to relief above the speculative level."

7

*Twombly,* 550 U.S. at 555. Defendant argues that many cases in our circuit have adopted the approach that a lower pleading standard governs affirmative defenses and that despite the split in authority, these decisions are more persuasive. *See Laferte v. Murphy Painters, Inc.*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses.").

On the other hand, many courts have held that the heightened pleading standard described in *Twombly* and *Iqbal* only apply to the allegations in complaints – not affirmative defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). The basis for these decision stem from the differences between Rule 8(a) – which apply to the pleading of claims – and Rules 8(b) and (c) which apply to affirmative defenses.

In arguing that *Twombly* and *Iqbal* should not apply to affirmative defenses, Plaintiff advances many of the same arguments that courts have previously considered. In particular, Plaintiff argues that the difference in language between Rules 8(a) and 8(b) is significant to the question presented. Rule 8(a) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief,"

8

whereas Rule 8(b) requires that a party "*state* in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(a) and (b) (emphasis added). In other words, Plaintiff contends that Rule 8(a) requires a party to "show" an entitlement to relief whereas Rule 8(b) merely requires a party to "state" an affirmative defense. *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *see also Laferte*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant."); *Owen,* 2016 WL 1465348, at *2 ("Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead their defenses in a more cursory fashion."); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted).

Plaintiff also argues that an important policy consideration supports construing Rule 8(a) and Rule 8(b) differently. For example, Plaintiff notes that

9

parties usually have much less time to assert affirmative defenses as opposed to parties who file complaints.  As such, Plaintiff suggests that it would be patently unfair to hold both parties to the same standard when affirmative defenses must be pled within only twenty-one days.  *See Owen, LLC*, 2016 WL 1465348, at *3 ("It is inappropriate to hold plaintiffs and defendants to the same pleading standard when a plaintiff has the entirety of the statute of limitations period to gather facts for its complaint and the defendant has only twenty-one days to ascertain its defenses, some of which are in danger of being waived if not asserted in the answer.").  When coupling this policy consideration with the differences in Rule 8(a) and Rule 8(b), Plaintiff believes that the weight of authority demonstrates that there is no basis to hold complaints and affirmative defenses to the same standard.

However, we are persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*.  First, *Iqbal's* extension of the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought.  Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints.  Plaintiff's reliance on a subtle difference in wording (i.e. "show" and "state") between Rule 8(a) and 8(b) is unpersuasive because the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case.  This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.") (citing *CTF Dev., *1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

11

Here, Plaintiff proffered four affirmative defenses: "1. [t]he Counterclaim fails to state a claim for relief," "2. Chevaldina is not entitled to recover because of laches," "3. [t]he claim for injunctive and declaratory relief is moot," and "4. Chevaldina failed to mitigate damages." [D.E. 43 at 2]. The first affirmative defense is deficient because "it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint." *Castillo*, 2010 WL 3027726, at *4 (citing *Merrill Lynch Bus. Fin. Servs., Inc.,* 2005 WL 975773, at *11 (noting that while motions to strike are generally disfavored, "affirmative defenses are subject to the general pleading requirements of Rule 8(a) . . . and will be stricken if they fail to recite more than bare-bones conclusory allegations")). As such, Plaintiff's first affirmative defense "must be stricken with leave to amend to provide the requisite factual particularity." *Castillo*, 2010 WL 3027726, at *4.

As for all of the remaining affirmative defenses, they are equally deficient because none of them contain any supporting facts that give the Defendant fair notice of the defense being asserted or how they apply to the facts of this case. *See Castillo*, 2010 WL 3027726, at *4 (striking the affirmative defense that a party failed to mitigate damages because it lacked factual particularity) (citing *Barnes*, 718 F. Supp. 2d at 1171–72 (merely alleging that the affirmative defense exists is not sufficient)). As such, Defendant's Motion is **GRANTED**. All of Plaintiff's affirmative defenses are stricken, with leave to amend to allow Plaintiff to provide the requisite factual particularity within fourteen (14) days from the date of this Order.

## IV.    CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike is **GRANTED**.  [D.E. 47].  All of Plaintiff's affirmative defenses to Defendant's counterclaim are stricken, with leave to amend to provide the requisite factual particularity within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge