UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA.

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

This matter is before the Court on Irina Chevaldina's[1] ("Defendant") Motion for Sanctions ("Motion") against the Center for Individual Rights ("Plaintiff" or "CIR"). [D.E. 46]. Plaintiff responded on June 26, 2017 [D.E. 52] and Defendant replied on July 6, 2017. [D.E. 55]. Therefore, Defendant's Motion is now ripe for disposition. After careful consideration of the Motion, response, reply, and relevant authority, and for the reasons discussed below, Defendant's Motion is **DENIED**.

---

1    Defendant is representing herself *pro se* in this matter.

1

## I. BACKGROUND

This is an action for breach of contract. The Complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff successfully represented Defendant *pro bono* in an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Defendant in a copy infringement action.[2] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Defendant had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that she only asked Defendant for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Defendant provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Defendant decided to settle the case, Plaintiff alleges that Defendant was also obligated to provide Plaintiff with a reasonable amount of attorney fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorney fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly

---

[2] Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in attorney fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of $10,000 in attorney fees, Plaintiff alleges that Defendant agreed with Katz to drop a substantial claim against Defendant in excess of $100,000 for attorney fees. Because Plaintiff alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Defendant in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## II. ANALYSIS

### A. *Rule 11 Standard*

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v.*

*International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . . Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) says:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley*

*Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 561, 524 (11th Cir. 1998) (citations omitted).

### B.     *Rule 11 Sanctions*

Defendant's Motion requests sanctions on the basis that Plaintiff has failed to provide the requisite factual support to establish several claims alleged in Plaintiff's complaint. Specifically, Defendant argues that Plaintiff's complaint fails to provide (1) the specific obligations under the contract that Defendant allegedly breached, (2) the date of the alleged breach, (3) the link between the claim of breach to a specific contractual provision, (4) the elements of a material breach, and (5) any support that the contractual provisions underlying this action actually exist. Because Plaintiff has allegedly attempted to litigate the same attorney's fee claim, under different legal theories, on multiple occasions and Plaintiff's complaint is purportedly still deficient for several reasons, Defendant argues that monetary sanctions are appropriate given the facts presented.

Furthermore, with respect to Defendant's allegations that Plaintiff has not pled a material breach, Defendant argues that the complaint is devoid of any factual support to support a claim beyond a speculative level. For example, Defendant contends that Plaintiff merely asserted that "Chevaldina did not obtain a reasonable amount in attorney's fees for the work of CIR's attorneys," and that "[s]he breached

5

the retainer contract with CIR, and as a result, CIR incurred damages." [D.E. 1 at ¶ 18]. Defendant also suggests that Plaintiff's complaint does not provide a citation to a specific contractual term that obligates Defendant to obtain a reasonable amount in attorney's fees because such a provision does not exist in the retainer agreement. When coupled with the alleged fact that Plaintiff's complaint fails to provide (1) the specific obligations under the contract that Defendant allegedly breached with (2) the date of the breach, and (3) the link to any specific contractual provision, the complaint purportedly fails in such a way that sanctions must be imposed.[3]

As an initial matter, Defendant's Motion is not clear as to which subsections of Rule 11 apply. In relevant part, Rule 11(b) provides the following:

> [A]n attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b). At times, Defendant appears to argue that the complaint is factually frivolous because the contractual provisions that it relies upon simply do not exist. At other times, Defendant suggests that the complaint suffers from various pleading defects, such as the omission of specific obligations under the

---

[3] Furthermore, Defendant takes issue with paragraph 17 of Plaintiff's complaint because it alleges that "Chevaldina instructed CIR to withdraw the motion for fees and costs to the Eleventh Circuit, and CIR did so." [D.E. 1 at ¶ 18]. Defendant suggests that the allegation is wholly conclusory and speculative because the complaint is devoid of any facts to substantiate this claim.

6

contract, the failure to plead a material breach, the omission of the date of the alleged breach, and the lack of an express link with a breach to a contractual provision. Without explaining how Plaintiff's complaint specifically violates Rule 11, Defendant's Motion is somewhat incomplete because it puts the burden on the Court to speculate as to how Defendant's conduct warrants sanctions. Notwithstanding the lack of clarity as to what part of Rule 11 applies, we will address the parties' arguments in turn.

As for Defendant's first argument, that Plaintiff failed to cite a relevant provision of the retainer agreement that requires Defendant to procure a reasonable amount in attorney's fees, Defendant's contention misses the mark. Paragraph 10 of Plaintiff's complaint quotes verbatim the relevant language from the retainer agreement: "Chevaldina 'agrees to require a reasonable amount for CIR's costs, expenses, disbursements, and attorneys' fees in any settlement.'" [D.E. 1 at ¶ 10]. By comparison, the language of section V of the retainer agreement states the following:

> The Client authorizes CIR to negotiate a reasonable repayment of some or all of its costs, expenses, disbursements, and attorneys' fees as part of any settlement, and agrees to require a reasonable amount for CIR's costs, expenses, disbursements, and attorneys' fees in any settlement.

[D.E 1-1]. As such, Defendant's first argument lacks any merit and must be **DENIED** because the complaint specifically references and quotes from the relevant portion of the retainer agreement that supports Plaintiff's allegations that Defendant did not procure a reasonable amount in attorney's fees.

Next, Defendant's Motion argues that the complaint suffers from various pleading defects because (1) the breach of contract claim did not cite any specific

7

provisions of the retainer agreement that support the allegations made, and (2) the date of the breach is not specified. The Court is not aware of any cases – and Defendants cites none –that stand for the proposition that the specific provisions of a contract must be cited by section or paragraph number, or that the date of a breach must be specified in order to comply with Rule 8. Because Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," we find that Plaintiff's Motion, as it relates, to these two contentions lack merit. FED. R. CIV. P. 8. And even if the pleading rules that Defendant asserts did exist, the complaint's failure to follow them would not satisfy the standard set forth in Rule 11 and warrant the imposition of sanctions. Therefore, to this extent, Defendant's Motion must be **DENIED**.

Defendant's third contention – that the complaint fails to allege a material breach – is also unpersuasive. Paragraph 10 of the complaint alleges that Defendant was obligated to obtain a reasonable amount for attorneys' fees in any settlement, and paragraph 18 alleges that Defendant failed to do so. The complaint also provides details in explaining that Plaintiff – in representing the Defendant – sought more than $100,000 in fees and expenses. Yet, Defendant purportedly settled that claim for only $10,000 in order to obtain a personal benefit at the detriment of her attorneys. As a result, the complaint sufficiently alleges facts to satisfy the pleading requirements in Rule 8 and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and states a valid cause of action for breach of contract. As such, Defendant's Motion, on this basis, misses the mark and must be **DENIED**.

Defendant's final argument is equally misplaced. Defendant suggests that the complaint is devoid of any facts to support the allegation that Defendant instructed Plaintiff to withdraw a motion for fees in the Eleventh Circuit and therefore violated Rule 11. However, the Defendant's alleged instructions to withdraw a specific motion are not part of a legal element of a breach of contract claim. Instead, it is simply a factual allegation. And as a factual allegation, the complaint sets forth sufficient support that makes it plausible that Defendant instructed CIR to withdraw the motion for fees, especially in light of the allegation that the motion for fees and costs originally sought than $100,000. The reason for the withdrawal, according to Plaintiff, is simple: Defendant purportedly settled for only $10,000 and pocketed that recovery as a personal benefit. Because there are more than enough facts to support that allegation that Defendant instructed Plaintiff to withdraw a motion for fees and costs in the amount originally sought, Defendant's Motion, as it relates to the final argument, must also be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Rule 11 Motion [D.E. 46] is **DENIED**.[4]

---

[4] Plaintiff's request for sanctions is also **DENIED**. Plaintiff believes that Defendant had no basis for asserting that the complaint was factually frivolous or, in particular, that the breach of contract claim was legally frivolous. Plaintiff also took issue with the fact that Defendant's motion cited no case law identifying the pleading defects and failed to address the allegations of the complaint that refuted her arguments. While it is true that Rule 11 applies to *pro se* litigants, "the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990) (citation omitted). And although Defendant's Motion lacked any merit; it was not so unreasonable as to violate Rule 11 especially in light of her status as a *pro se* party.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of July, 2017.

>*/s/ Edwin G. Torres*
>EDWIN G. TORRES
>United States Magistrate Judge