# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-20905-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO PRECLUDE EVIDENCE

This matter is before the Court on the Center for Individual Rights' ("Plaintiff") motion to preclude evidence against Irina Chevaldina ("Chevaldina" or "Defendant"). [D.E 101]. Chevaldina responded to Plaintiff's motion on January 17, 2018 [D.E. 106] to which Plaintiff replied on January 25, 2018. [D.E. 109]. Therefore, Plaintiff's motion is ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

### I. ANALYSIS

Plaintiff's motion seeks an order (1) precluding Chevaldina from submitting any evidence of harm suffered from Plaintiff's alleged violations of the Driver's Privacy Protection Act ("DPPA"), (2) precluding Chevaldina from submitting any evidence of damages that she incurred on any of her claims or calling any witnesses

1

or submitting any evidence not previously identified, and (3) ordering Chevaldina to pay Plaintiff's reasonable expenses, including Plaintiff's attorneys' fees.

Plaintiff argues that – despite the Court's prior Order [D.E. 91] compelling Chevaldina to provide an amended response to interrogatory 3 – Chevaldina continues to engage in gamesmanship in response to whether she suffered any injury as a result of Plaintiff's alleged violation of the DPPA. Chevaldina's first effort at supplementing her response was on December 12, 2017 where she alleged that Plaintiff had failed to define the term "other injury." Because that term was vague, Chevaldina relied on a definition of "injury" through an online dictionary that encompassed physical harms such as bruises and cuts. Using that definition, Chevaldina stated that has suffered no injuries as a result of Plaintiff's violations.

We agree that Chevaldina's supplemental response is defective. In the Court's prior Order, we found that the definition provided by Mr. Rosman eliminated any remaining ambiguity on the meaning of the term "other injury." Chevaldina, instead, relies on inapposite definitions from online dictionaries in her response to Plaintiff's interrogatory. Chevaldina's supplemental response is tantamount to bad faith because – even after the Court's prior Order – Mr. Rosman carefully explained the meaning of "other injury" in his conferral emails before filing Plaintiff's motion to preclude evidence.

In the interests of justice, we will allow Chevaldina to amend her response one *final* time to make clear her injuries, if any, of Plaintiff's alleged violations of the DPPA. Chevaldina must identify *all* conceivable harms that she has suffered as

2

a result of her allegations, including economic, physical, and any non-physical injuries. If Chevaldina does not set forth an adequate response to interrogatory 3, Rule 37 sanctions may be imposed. To this extent, Plaintiff's motion is **GRANTED**. As for the remaining relief sought, Plaintiff's motion is **DENIED**.

As for Plaintiff's second argument – that Chevaldina should be precluded from submitting any evidence of damages that she incurred on any of her claims or calling any witnesses or submitting any evidence not previously identified – Plaintiff's motion is unpersuasive. Plaintiff contends that Chevaldina failed to supplement her initial disclosures, despite the fact that she is now asserting three separate counts in her amended counterclaim. Plaintiff suggests that supplementing initial disclosures is required under Rule 26(e)(1)(A) and that a failure to do so should result in sanctions under Rule 37.

We agree that supplemental disclosures are required under Rule 26. As part of a party's initial disclosures, a party must provide "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party must then supplement or correct the disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to timely supplement its disclosures, as required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

3

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court, "[i]n addition to or instead of this sanction," may order "payment of the reasonable expenses, including attorney's fees, caused by the failure," "may inform the jury of the party's failure," or "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). The "party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless." *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006). Courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).

Plaintiff's motion is premature because Chevaldina's first amended complaint was just filed on November 28, 2017 [D.E. 90] and Plaintiff's motion to preclude evidence was filed approximately four weeks later. While Chevaldina admits that she has not supplemented her initial disclosures, it is not clear that she refuses to do so. Moreover, Chevaldina explains that she has had little time to supplement her initial disclosures because of the holiday season and the need to respond to Plaintiff's other related filings in this case.

In sum, Plaintiff's motion is **DENIED** because (1) there has not been a substantial delay in Chevaldina supplementing her initial disclosures, (2) Chevaldina is willing to comply with the Federal Rules, and (3) Chevaldina's explanation for failing to supplement is substantially justified.

4

## II.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to preclude evidence is **GRANTED in part** and **DENIED in part**. [D.E. 101]. Chevaldina shall provide a supplemental response to interrogatory 3 within ten (10) days from the date of this Order. To this extent, Plaintiff's motion is **GRANTED**. As for the remaining relief sought, Plaintiff's motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge