# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL

This matter is before the Court on Irina Chevaldina's ("Defendant" or "Chevaldina") motion to compel against the Center for Individual Rights ("Plaintiff"). [D.E. 124]. Plaintiff responded to Chevaldina's motion on March 2, 2018 [D.E. 129] to which Chevaldina replied on March 13, 2018. [D.E. 132]. Therefore, Chevaldina's motion is ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Chevaldina's motion is **DENIED**.

### *I. BACKGROUND*

This is an action for breach of contract. The complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff successfully represented Defendant *pro bono* in an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Defendant in a copy

1

infringement action.[1] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Defendant had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that it only asked Defendant for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Defendant provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Defendant decided to settle the case, Plaintiff alleges that Defendant was also obligated to provide Plaintiff with a reasonable amount in attorney's fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorney fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in attorney fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of $10,000 in attorney fees, Plaintiff alleges that Defendant agreed with Katz to drop a substantial claim against Defendant in excess of $100,000. Because Plaintiff

---

[1] Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Defendant in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## II.    ANALYSIS

Chevaldina's motion is to compel Plaintiff to produce documents in response to three discovery requests.  In request 3, Chevaldina seeks "[a]ny documents, ESI relating to CIR's request made to the Board for CIR to represent Chevaldina." [D.E. 124].  Plaintiff refused to produce any documents and provided the following response:

> CIR objects to Request No. 3 on the ground that the word 'Board' is undefined and renders the request vague and ambiguous.  CIR further objects on the ground that the request seeks documents that are not reasonably related to any claim or defense in this action.  Accordingly, CIR will not produce documents in response to this request.

*Id*.  In request 4, Chevaldina seeks "[a]ny documents, ESI, policy, process regulating CIR's request to the Board." *Id*.  Plaintiff again refused to produce any documents and proffered the following objections:

> CIR objects to Request No. 4 on the ground that the word 'Board' is undefined and renders the request vague and ambiguous.  CIR further objects on the ground that 'documents, ESI, policy, process, regulating CIR's request' is vague and ambiguous because it is unclear how most of those items identified can 'regulate' a 'request.'  CIR further objects on the ground that the request seeks documents that are not reasonably related to any claim or defense in this action.  Accordingly, CIR will not produce documents in response to this request.

*Id*.  In request 5, Chevaldina seeks "[a]ll documents, ESI relating to [the] Board's approval for CIR to represent Chevaldina."  Similar to the prior requests, Plaintiff objected and refused to produce any documents:

3

> CIR objects to Request No. 5 on the ground that the word 'Board' is undefined and renders the request vague and ambiguous. CIR further objects on the ground that the request seeks documents that are not reasonably related to any claim or defense in this action. Accordingly, CIR will not produce documents in response to this request.

*Id.*[2]

Chevaldina repeats the same argument in support of all three requests and suggests that the items sought are relevant to determine Plaintiff's sources of financing in the underlying litigation:

> Mr. Rosman, acting on behalf of CIR, advised Chevaldina that the Board needs to approve the source of financing [for] Chevaldina's appeal case, and who and how [sic] will compensate attorney's fee and cost to CIR for Chevaldina's appeal. Based on this CIR's representation, and Board approval Chevaldina entered into attorney-client agreement with CIR.

*Id.* Chevaldina also contends that the "requested documents are relevant to determine the intent of the parties at the time they entered into the agreement (that is the subject of this lawsuit), and to CIR's claim for breach and damages." *Id.*

After considering the arguments presented, Chevaldina has failed to meet her burden of demonstrating how any of the items sought are relevant to the allegations or defenses in this action. *See Suncast Techs., L.L.C. v. Patrician Prod., Inc.*, 2008 WL 179648, at *5 (S.D. Fla. Jan. 17, 2008) ("Because the relevancy of the discovery request was not readily apparent, the party seeking the discovery (*i.e.,* Plaintiffs) had the burden to show the relevancy of the request.") (citations

---

[2] Plaintiff's objection that the word "Board" is undefined is no longer at issue. In its response, Plaintiff acknowledges that Chevaldina must have meant Board of Directors in her discovery requests.

4

omitted). Plaintiff alleges in its complaint that Chevaldina breached the retainer agreement when she failed to obtain a reasonable amount in attorneys' fees for the work performed in the underlying litigation. [D.E. 1]. On the other hand, Chevaldina alleges in her counterclaim that Plaintiff breached the retainer agreement by refusing to represent her with free legal representation during settlement negotiations. [D.E. 90]. Neither party's alleged breach relates to (1) Plaintiff's request to represent Chevaldina, (2) the policies regulating (whatever that means) Plaintiff's request to the Board, or (3) the Board's approval of the legal representation. It is therefore unclear why internal discussions on one side of a contract are related to either party's claims.

Moreover, Chevaldina has repeatedly stated in her related filings that "the language of the agreement shall be controlling in all respects," [D.E. 86] and that "the words of a contract are the best evidence of the intent of the parties." [D.E. 95]. In fact, this is the first time that "the intent of the parties," has been raised as an issue in this case because both parties claim that the other breached the clear provisions of the contract. In other words, neither party has alleged that there was an ambiguity in the retainer agreement. But, even if we assume that the subjective intent of one side of the retainer agreement was relevant in this case, Chevaldina's requests still fail because they make no effort to focus on documents that would disclose that intent with respect to the topics she claims are relevant. And because Chevaldina "cannot first demonstrate the relevance of the information sought, as relevance serves as the gate through which all discovery requests must pass," her

5

motion to compel must be **DENIED**. *Stern v. O'Quinn*, 253 F.R.D. 663, 670 (S.D. Fla. 2008).

It also appears that Chevaldina's production requests are akin to issues raised in a prior motion where Chevaldina attempted to compel Plaintiff to produce items relating to donations that financed her case. But, as we explained beforehand, we can find no case where the financing – via donations or otherwise – of a public interest law firm has undermined a breach of contract claim. If Chevaldina's position was correct, it would allow any party to willingly breach a contract with a public interest law firm – without any consequences – as long as the law firm receives other sources of revenue during its representation of a client. That cannot be the law because it would lead to unforeseen consequences and allow other sources of financing to eviscerate breach of contract claims. Therefore, Chevaldina's request for documents in relation to "the source of financing [for] Chevaldina's appeal case," [D.E. 124] and how Plaintiff would be compensated for other miscellaneous costs are irrelevant because – even if Chevaldina establishes that Plaintiff received contributions specifically earmarked to cover the costs of her case (which Plaintiff argues does not exist) – it would not change Chevaldina's contract with Plaintiff to pay a reasonable attorneys' fee at the conclusion of her case. Accordingly, Chevaldina's motion to compel is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Chevaldina's motion to compel is **DENIED**. [D.E. 124].[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] As for Plaintiff's request for sanctions against Chevaldina, that motion is also **DENIED**.