# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL

This matter is before the Court on Irina Chevaldina's ("Defendant" or "Chevaldina") motion to compel against the Center for Individual Rights ("Plaintiff"). [D.E. 123]. Plaintiff responded to Chevaldina's motion on March 2, 2018 [D.E. 126] to which Chevaldina replied on March 13, 2018. [D.E. 132]. Therefore, Chevaldina's motion is ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Chevaldina's motion is **DENIED**.

### *I.  BACKGROUND*

This is an action for breach of contract. The complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff successfully represented Defendant *pro bono* in an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Defendant in a copy

1

infringement action.[1] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Defendant had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that it only asked Defendant for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Defendant provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Defendant decided to settle the case, Plaintiff alleges that Defendant was also obligated to provide Plaintiff with a reasonable amount in attorney's fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorney fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in attorney fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of $10,000 in attorney fees, Plaintiff alleges that Defendant agreed with Katz to drop a substantial claim against Defendant in excess of $100,000. Because Plaintiff

---

[1] Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Defendant in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## II. ANALYSIS

Chevaldina's motion is to compel Plaintiff to provide a better response to interrogatory 1 in her second set of interrogatories and for sanctions under Rule 37. Interrogatory 1 requests that Plaintiff identify any document or ESI information that contains Chevaldina's "personal information":

> Please identify any CIR's [sic] document and ESI that contained, contain [sic] Chevaldina's personal information. For each such a document (1) please identify any person who accessed, used, disclosed, published, or emailed Chevaldina's personal information, (2) please, identify any CIR's [sic] policy obtainment, use, access, disclosure, store, protection of Chevaldina's protected personal information.

[D.E. 123]. Plaintiff refused to identify any documents and provided the following response to interrogatory 1:

> CIR objects to Interrogatory No. 1 on the ground that it is overbroad and burdensome, and not proportionate to the needs of the case. The definition of "personal information" in 18 U.S.C. § 2725(3) is "any information that identifies an individual" and includes a person's name and address. Thus, the interrogatory seeks the identification of all documents in ClR's possession, custody, or control that include Chevaldina's name or address, to identify persons who had any contact with those documents, and to identify ClR's policy regarding the specific personal information in that document.
>
> CIR further objects on the ground that the request is vague and ambiguous in its use of the phrase "CIR's document and ESI." CIR also objects on the ground that the word "store" and the phrase "protected personal information" are vague and ambiguous. Further, the interrogatory does not explain how CIR could identify a "policy" concerning "protected personal information" for a document if the document does not contain "protected personal information."

3

> CIR further objects on the ground that the request calls for the identification of documents protected by the work-product doctrine and attorney-client privilege created in anticipation, or after the commencement, of this lawsuit.

*Id*.

Chevaldina argues that Plaintiff must be compelled to provide a better response because the information sought is relevant to Chevaldina's counterclaim under the Driver Protection Privacy Act ("DPPA"). Chevaldina also contends that there is no ambiguity with respect to the term "personal information" because paragraph 14 of her first amended complaint [D.E. 90] defines the term as Chevaldina's driver's license number (including its date of issuance), date of birth, height, and social security number. Because Plaintiff failed to adequately respond to interrogatory 1, Chevaldina concludes that Plaintiff (1) must be compelled to provide a better response and (2) must be sanctioned for its unreasonable conduct.

We disagree. Chevaldina's motion fails at the outset because it omits Plaintiff's work product objection. Local Rule 26.1(g) is clear that in filing any motion to compel, the movant must state the specific objections in response to the relevant discovery request:

> (2) *Motions to Compel.* Except for motions grounded upon complete failure to respond . . . motions to compel discovery . . . shall, for each separate . . . request for admission . . . state (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession to enable the Court to rule separately on each individual item in the motion.

4

Local Rule 26.1(g)(2).

Here, Chevaldina omitted Plaintiff's work-product objection and any related discussion on why the items sought should be compelled notwithstanding the privilege. And despite the parties' disagreement on whether the omission was intentional or not, it was Chevaldina's responsibility to comply with the Local Rules. Because Chevaldina did not comply with the Local Rules, we are not required to go any further in the disposition of her motion.[2]

However, in the interests of justice, we will set aside that issue and consider Chevaldina's motion on the merits. The first problem with Chevaldina's motion is that interrogatory 1 is unreasonably broad. The request fails to include any parameters on the items sought – such as a temporal limitation – and requires Plaintiff to produce nearly every email or correspondence that includes Chevaldina's name, address, or telephone number. The request further requires (without any justification) that for each document Plaintiff must identify any person who "accessed, used disclosed, published, or emailed Chevaldina's personal information" and to identify "policy obtainment, use, access, disclosure, store, protection of Chevaldina's protected personal information." [D.E. 123]. This request is not

---

[2] Chevaldina is reminded that the "[l]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Levin v. Nationwide Home Loans*, Inc., 2014 WL 11531634, at *1 (S.D. Fla. Mar. 14, 2014) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008)). They are also significant because they require the parties to organize the issues "rather than leaving the burden upon" the Court. *Id.* In other words, "the Local Rules are not optional," and failure to comply with them may result in the denial of non-compliant motions and possible sanctions. *Zhanjian Go-Harvest Aquatic Prod. Co. v. Se. Fish & Seafood, Co.*, 2008 WL 516109, at *1 (S.D. Fla. Feb. 25, 2008).

5

proportionate to the needs of this case because Chevaldina's DPPA claim is only premised on Plaintiff obtaining, using, and disclosing personal information from a motor vehicle record or for a purpose not otherwise permitted. Accordingly, Chevaldina's motion fails on this basis as well.

The next reason Chevaldina's motion must be denied is because her discovery request is confusing and inconsistent. Specifically, Chevaldina's definition of "personal information" in her interrogatories is different than the one she defined in her first amended complaint. Chevaldina claims in her discovery request that "personal information" is defined by 18 U.S.C. § 2725(3), which means "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

She then claims in her motion that the appropriate definition is the one included in paragraph 14 of her first amended complaint. Yet, in paragraph 14, the definition provided is labeled as "protected personal information" and includes a different set of items sought, including drivers' license number (and its date of issue), date of birth, and height. Even if we ignore the inconsistency that the counterclaim uses a different term than the motion, the definitions are not the same because the one in the interrogatories is far broader than the one in the

6

counterclaim. Because Chevaldina relies on inconsistent definitions of "personal information", she has failed to put Plaintiff on notice of the items sought.

In sum, Chevaldina's motion is **DENIED** because (1) she failed to comply with the Local Rules, (2) the discovery sought is unreasonably broad, and (3) the definitions underlying the discovery request are inconsistent. The denial of the motion does not preclude Chevaldina from serving a more narrowly tailored and particularized request that furthers Chevaldina's stated need.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Chevaldina's motion to compel is **DENIED**. [D.E. 123].[3]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] As for Plaintiff's request for sanctions against Chevaldina, that motion is also **DENIED**.