UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-20905-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

vs.

IRINA CHEVALDINA,

    Defendant.
_____/

**GELBER SCHACHTER & GREENBERG, P.A.'S RESPONSE TO
THE CENTER FOR INDIVIDUAL RIGHTS' SECOND MOTION TO COMPEL**

Gelber Schachter & Greenberg, P.A. ("GSG") files this response to the Center for Individual Rights' ("CIR") Second Motion to Compel [ECF No. 76].

**I. Introduction**

CIR issued a subpoena to GSG for records related to GSG's representation of a former client, Irina Chevaldina. There are 74 documents responsive to the subpoena. GSG created these documents while representing Ms. Chevaldina in a litigation in Miami-Dade County Circuit Court. CIR's second Motion to Compel addresses two classes of documents within the 74.

First, CIR asks the Court to remove GSG's confidentiality designations for 18 of the 74 documents, even though CIR is fully able to use those documents in this lawsuit with minimal inconvenience. GSG designated the 18 documents as confidential pursuant to an agreed confidentiality stipulation between GSG and CIR, and then GSG produced those 18 documents to CIR. The 18 documents are all either confidential settlement communications from the state court

action or relate to confidential settlement communications in that action.  Moreover, Ms. Chevaldina, as one of the parties to those confidential settlement communications, has expressly directed GSG to maintain the confidentiality of the 18 documents.

GSG has acted appropriately by protecting the confidentiality of these documents, while also producing them to CIR so that it could make use of the documents in this lawsuit as it sees fit.  Consequently, there is no compelling reason for the Court to change the current circumstances surrounding these 18 documents.  In addition, before making any ruling that would allow for the public filing and use of these 18 documents, the Court should allow Ms. Chevaldina an opportunity to present her arguments in opposition to such relief.

Next, CIR asks the Court to overrule all of GSG's attorney-client and work product privilege designations for the 56 remaining documents.  The Court should deny CIR's application to break the asserted privilege because all 56 documents were either private legal communications between Ms. Chevaldina and her lawyers or attorney work product.

Notably, for 36 out of the 56 privileged email communications, CIR's own counsel is a party to those email communications.  As a result, CIR already has these documents in its possession and can use the documents in this lawsuit without seeking to have GSG (a non-party in this case) breach the attorney-client privilege with its client.[1]   Indeed, Ms. Chevaldina, as the holder of the privilege in this instance, has expressly invoked the attorney-client privilege and instructed GSG not to produce the documents.

---

[1] With respect to the remaining 20 documents on the privilege log, CIR has indicated that Ms. Chevaldina has produced two of the documents directly to CIR.  Consequently, CIR actually possesses all but 18 of the privileged documents it seeks.  The remaining 18 documents are privileged documents, and Ms. Chevaldina has expressly instructed that she intends to preserve that privilege.

## II.  Background

On August 18, 2017, GSG (which is not a party in this lawsuit) received a subpoena from the Center for Individual Rights for the production of various documents created during GSG's prior representation of Irina Chevaldina.  GSG represented Ms. Chevaldina in a lawsuit in the Miami-Dade Circuit Court (*RK/FL Mgmt., Inc., et al. v. Irina Chevaldina, et al.*, Case No. 11-17842).

After receiving the subpoena, GSG conducted a search for relevant documents, and, on August 31, 2017, GSG served a written response pursuant to Rule 45(d)(2)(B).  GSG asserted various objections and noted that GSG had represented Ms. Chevaldina in the state court action.  In connection with the response, GSG and CIR conferred and reached a basic agreement on the universe of relevant responsive documents.

Subsequently, Ms. Chevaldina instructed GSG that she objected to producing documents on the grounds of confidentiality and privilege, and she directed GSG not to release documents.  Accordingly, on October 13, 2017, GSG's counsel informed CIR that GSG was supplementing and clarifying its August 31, 2017 written objections under Rule 45(d)(2)(b) to reflect Ms. Chevaldina's objections.  GSG's counsel also informed CIR that GSG would not be producing any documents in accord with Ms. Chevaldina's directions.

On November 29, 2017, the Court ruled on CIR's first Motion to Compel and ordered GSG to provide more specific responses to the subpoena and to provide a privilege log.  As a result, GSG amended its responses in accord with the Court's rulings.  GSG also provided a privilege log identifying 56 documents.  All of these 56 documents were communications between Ms. Chevaldina and her former lawyers (i.e., GSG, CIR, and Benjamin Kuehne) or contained attorney

work product.  In this way, these communications are all core privileged documents.  Further, Ms. Chevaldina expressly directed GSG not to waive the privilege for these documents.

GSG and CIR also entered into a Confidentiality Agreement, and GSG produced 18 documents to CIR under this agreement.  All of these documents arose from the *RK/FL Mgmt., Inc., et al. v. Irina Chevaldina, et al.* litigation, and all were marked as confidential settlement communications in that case.   Ms. Chevaldina specifically directed GSG to maintain the confidentiality of these documents.

In its Second Motion to Compel, CIR asks the Court to remove the confidentiality designation from the 18 confidential designated documents.  CIR also asks the Court to order GSG to produce all of the privileged documents.

The Court should deny the motion.

### III. Argument

A. <u>The Applicable Rules of Professional Conduct</u>.

The commentary to Florida Rule of Professional Conduct 4-1.6 directs: "A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation."

Florida Rule of Professional Conduct 4-1.9 applies this principle to former clients.  It says: "a lawyer who has formerly represented a client in a matter must not afterwards: … (c) reveal information relating to the representation except as these rules would permit or require with respect to a client."  In addition, Florida Rule of Professional conduct 4-1.8 directs that: "A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these rules."

Along these lines, Florida Rule of Professional Conduct 4-1.6 explains: "A lawyer must not reveal information relating to representation of a client except [in certain circumstances], unless the client gives informed consent." Rule 4-1.6(d) says: "When required by a tribunal to reveal confidential information, a lawyer may first exhaust all appellate remedies."

B. <u>The Documents Designated Confidential</u>.

GSG's former client instructed GSG to maintain the confidentiality designations for the 18 documents that are confidential settlement communications. As a practical matter, *CIR already has all of these documents*, and it is free to use them in this litigation so long as CIR takes certain minimal precautions. Consequently, there is no prejudice to CIR if the confidentiality designation remains, but GSG would be in direct conflict with its former client if GSG simply agreed to waive these designations.

Furthermore, the 18 documents involve confidential settlement communications with plaintiffs and their counsel in the state court action. Those parties, like GSG, are not parties in this action, and they continue to have an expectation of confidentiality surrounding communications that were plainly labeled as confidential settlement communications. CIR has not indicated that those parties have agreed to the production of these documents without a confidentiality designation.

Therefore, because these documents are subject to confidentiality in another case, and because neither Ms. Chevaldina nor the other parties in that case have indicated that they are willing to waive the confidentiality of those documents, GSG rightfully produced the documents in this case pursuant to a confidentiality agreement and with a confidentiality designation. Again, this designation in no way prejudices CIR since CIR can use these documents in this case with minimal inconvenience. Finally, if the Court is inclined to overrule the confidentiality designations for these

18 documents, GSG requests that the Court allow Ms. Chevaldina to present her arguments regarding the public use of the documents designated confidential.

    C. <u>The Privileged Documents</u>.

The attorney-client privilege applies to confidential communications made in the rendition of legal services to the client. *See Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994). The burden of establishing the privilege is on the proponent of the privilege, who must establish the existence of the privilege by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987). While not absolute, the privilege has long been understood to encourage clients to completely disclose information to their attorneys to allow for the rendition of competent legal advice and "thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

The work product doctrine is distinct from and broader than the attorney-client privilege, and it protects materials prepared by the attorney, whether or not disclosed to the client, as well as materials prepared by agents for the attorney. *See Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 653 (S.D. Fla. 2009). To decide whether materials are protected, a court must determine when and why a contested document was created, and similar to the attorney-client privilege, the burden is on the party withholding discovery to show that the documents should be afforded work-product protection. *See id. at 654.*

In this case, GSG designated 56 documents as protected under either work product or attorney-client privilege. As noted on the privilege log, all of these documents are either confidential communications between Ms. Chevaldina and her lawyers or contain confidential attorney-client communications and work product.

As indicated above, CIR's counsel was a party to and has possession of 36 of the emails on the privilege log. Consequently, if CIR wishes to use any of the 36 documents in this lawsuit and in good faith believes they are not privileged, CIR can use them as it sees fit without involving GSG. Similarly, if CIR believes there is any attorney-client privilege issue related to the 36 documents, CIR may petition the Court for relief directly without involving GSG. Against this practical backdrop, the Court should not allow CIR to use its request to GSG (which places GSG at odds with its former client) to relieve CIR from its own attorney-client and work product privilege obligations.

Similarly, CIR claims it has received at least 2 other privileged documents directly from Ms. Chevaldina. Again, if CIR believes these 2 documents are no longer privileged, CIR should use them as it sees fit, and not ask GSG override its former client's directions.

For the remaining 18 documents, there is no factual or legal basis to disregard the privilege. The documents are confidential communications between a client and her lawyers regarding a lawsuit and issues relating to legal strategy in that lawsuit, and the client has specifically invoked the privilege.

Moreover, because Ms. Chevaldina also has possession of these 18 documents (since she was a party to the privileged communications with her attorneys), CIR can request these documents directly from Ms. Chevaldina in this lawsuit, and can then litigate any issues regarding the documents without burdening GSG. In short, in line with Court's prior ruling, GSG has properly and appropriately listed the documents on a privilege log. There is no legal or factual basis to disturb that listing.

Of course, if the Court believes it is necessary and/or appropriate, GSG will provide the Court with copies of the documents listed on the privilege log so the Court can conduct an *in camera* inspection.

Finally, CIR contends that Ms. Chevaldina has waived her privileges as a result of her actions in this dispute with CIR. GSG is not a party to this lawsuit and so it cannot speak to what actions she has taken in this case. As a result, the Court should allow Ms. Chevaldina to address the Court on this point. To be clear, however, Ms. Chevaldina has explicitly indicated to GSG that she has not waived any privilege, particularly with respect to the documents listed on the privilege log.

### IV. Conclusion

For the foregoing reasons, the Court should deny CIR's Second Motion to Compel.

Respectfully submitted,

**THE LAW OFFICE OF STEPHEN JAMES BINHAK, P.L.L.C.**
*Attorneys for Gelber Schachter Greenberg*
1221 Brickell Ave., Suite 2010
Miami, Florida  33131
Telephone: (305) 361-5500
Facsimile:  (305) 428-9532

By:_____Stephen James Binhak_____
     Stephen James Binhak, Esq.
     Florida Bar No. 0736491

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018, I electronically filed the foregoing motion with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Service List**

David S. Mandel
Mandel & Mandel LLP
169 E. Flagler St., Suite 1200
Miami, FL 33131
Telephone: (305) 374-3771
Facsimile: (305) 374-7776
dsm@mandel.law

Michael E. Rosman (admitted pro hac vice )
Michelle Scott (admitted pro hac vice)
Center for Individual Rights
1100 Connecticut Ave., NW, Suite 625
Washington, DC 20036
Telephone: (202) 833-8400
Facsimile: (202) 833-8410
rosman@cir-usa.org
scott@cir-usa.org

    /s/ Stephen James Binhak
STEPHEN JAMES BINHAK