UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION
TO TAKE A TELEPHONIC DEPOSITION**

This matter is before the Court on an emergency[1] motion by the Center for Individual Rights ("Plaintiff") against Irina Chevaldina ("Defendant" or "Chevaldina"). [D.E. 169]. Chevaldina responded to Plaintiff's motion on May 21, 2018 [D.E. 189] to which Plaintiff replied on May 22, 2018. [D.E. 190]. Therefore, Chevaldina's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED**.

## *I.    BACKGROUND*

This is an action for breach of contract. The complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff successfully represented Defendant *pro bono* in

---

[1] We struck the emergency designation on May 11, 2018 because Plaintiff's motion was not an unexpected and dangerous situation that called for immediate action. However, we ordered Chevaldina to file a response within ten days from the date Plaintiff's motion was filed. [D.E. 171].

1

an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Defendant in a copy infringement action.[2] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Defendant had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that it only asked Defendant for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Defendant provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Defendant decided to settle the case, Plaintiff alleges that Defendant was also obligated to provide Plaintiff with a reasonable amount in attorney's fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorney fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in attorney fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of

---

[2] Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

$10,000 in attorney fees, Plaintiff alleges that Defendant agreed with Katz to drop a substantial claim against Defendant in excess of $100,000. Because Plaintiff alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Defendant in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## II. ANALYSIS

Plaintiff's motion seeks leave to take a telephonic deposition of Adam Schacter ("Mr. Schacter"). [D.E. 169]. Mr. Schacter is a partner at GSG, the law firm that represented Chevaldina in a state court action against Raanan Katz and various relatives alleging defamation and other related torts. Plaintiff claims that it served a notice to take the deposition of Mr. Schacter on May 23, 2018 because of the Court's looming discovery deadline. Chevaldina allegedly told Plaintiff that she could not be in attendance for the deposition, but did not provide a reason for her unavailability.

To avoid any additional motion practice, Plaintiff offered to (1) stipulate that Chevaldina could appear by telephone, or (2) to reschedule the deposition to any other date in which GSG was available provided that Chevaldina would stipulate to a telephonic deposition. Neither proposal resolved the underlying dispute. Plaintiff explains that the deposition of Mr. Schacter would be fairly short and that the deponent is a non-party based in Miami whose deposition must be taken within the subpoena powers of the Court. Plaintiff therefore argues that its attorney – who resides in Washington D.C. – would be burdened by a requirement to fly to Miami

3

for a short deposition. Because Chevaldina and GSG have been unable to find an alternative date and Chevaldina refuses to stipulate to a telephonic deposition, Plaintiff concludes that its motion must be granted.

Chevaldina makes several arguments in response. First, Chevaldina claims that Plaintiff's motion violates Local Rule 26(1)(h), which purportedly requires a reasonable noticing of taking a deposition. Chevaldina alleges that Plaintiff only gave the deponent thirteen days' notice – as opposed to fourteen days as required. Second, Chevaldina argues that Plaintiff's subpoena to Mr. Schacter is defective because it fails to comply with Rule 45(a)(1)(B), which requires that a subpoena state the method for recording the testimony. Third, Chevaldina claims that Plaintiff did not confer with her about the time she would have for cross-examination. And fourth, Chevaldina contends that she is not a native speaker and that she will be prejudiced if she participates in a telephonic deposition where she does not understand legal terms. Therefore, Chevaldina concludes that it is essential that she be personally present for the deposition of Mr. Schacter.

Federal Rule of Civil Procedure 30(b)(4) permits a court to order, upon motion, that a deposition be taken by telephone or other remote means. The deposition must be conducted before an officer authorized to administer oaths either by federal law or by the law in the place of examination. *See* Fed. R. Civ. P. 28(a)(1); Fed. R. Civ. P. 30(b)(5). The deposition may also be recorded by audio, audio-visual, or stenographic means as stated by the party who notices the deposition. *See* Fed. R. Civ. P. 30(b)(3).

4

Here, Plaintiff's motion is well taken because all of Chevaldina's arguments in response are without merit. First, Chevaldina claims that the deposition failed to give the required amount of time under the Local Rules. But, Plaintiff served the notice on May 9, 2018 with a scheduled deposition to occur on May 23, 2018. The time between the service date and the time of the deposition is fourteen days. It appears that Chevaldina miscalculated the amount of time in her response. Therefore, her first argument is misplaced.

Chevaldina's second argument is equally unpersuasive because it interprets Rule 45 as requiring that a subpoena state the method for recording a deponent's testimony. In other words, Chevaldina appears to believe that Rule 45 requires that a subpoena specifically state that a deposition will be telephonic. But, Chevaldina fails to cite a single case that supports this position. In any event, Chevaldina's response misses the mark because (1) she failed to attach the relevant subpoenas as support for her argument, and (2) we can find no authority that a subpoena must state that a deposition will be telephonic.

As for Chevaldina's remaining arguments, they are also without merit because Plaintiff served its notice on May 9, 2018 – meaning that Chevaldina had ample time to prepare for the upcoming deposition and acclimate herself with the legal terms that may arise during Mr. Schacter's testimony. Moreover, Chevaldina's complaint – that she will be disadvantaged with a telephonic deposition – rings hollow because Plaintiff's motion does not require her to appear by phone. If Chevaldina was unable to make travel arrangements when she

5

learned of the notice of deposition, she should have moved under Rule 26(c) regardless of how the deposition would have been administered. Accordingly, all of Chevaldina's arguments are without merit and therefore Plaintiff's motion to take the deposition of Mr. Schacter is **GRANTED**.

### *III. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion for a telephonic deposition is **GRANTED**. [D.E. 169]. The noticed deposition of Mr. Schacter shall occur as scheduled on May 23, 2018.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of May, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge