UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.
_____/

**ORDER ON CHEVALDINA'S MOTION FOR SANCTIONS
AND MOTION FOR AN EXTENSION OF THE DISCOVERY PERIOD**

This matter is before the Court on Irina Chevaldina's motion for sanctions [D.E. 200] and motion for an extension of the discovery period [D.E. 201] against the Center for Individual Rights ("Plaintiff" or "CIR"). Plaintiff responded to Chevaldina's motions on June 12, 2018 [D.E. 213, 215] to which Chevaldina replied on June 22, 2018. [D.E. 232]. Therefore, Chevaldina's motions are now ripe for disposition. After careful consideration of the motions, responses, replies, and for the reasons discussed below, Chevaldina's motions are **DENIED**.

## *I.  BACKGROUND*

This is an action for breach of contract. The complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff represented Chevaldina *pro bono* in an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Chevaldina in a copyright

1

infringement action.[1] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Chevaldina had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that it only asked Chevaldina for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Chevaldina provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Chevaldina decided to settle the case, Plaintiff alleges that Chevaldina was also obligated to provide Plaintiff with a reasonable amount in attorney's fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorney fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in attorneys' fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of $10,000 in attorney fees, Plaintiff alleges that Chevaldina agreed with Katz to drop a substantial claim against Chevaldina in excess of $100,000. Because Plaintiff

---

[1] Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Chevaldina in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## II. ANALYSIS

### A. *Chevaldina's Motion for Sanctions [D.E. 200]*

On May 29, 2018, Chevaldina filed a motion for sanctions against Plaintiff's counsel for improper conduct that occurred at a deposition on May 18, 2018. [D.E. 200]. On that date, Plaintiff produced Mr. Crespo, who serves as a paralegal for the Mandel Law Firm. Chevaldina claims that the deposition had to be adjourned after less than two hours due to the inappropriate behavior of Plaintiff's counsel David Mandel ("Mr. Mandel") and Michael Rosman ("Mr. Rosman").[2] Chevaldina alleges that Mr. Mandel made numerous speaking objections and added unnecessary commentary with the goal of derailing the deposition. For example, Mr. Mandel referred to Chevaldina's questions as unintelligent and repeatedly instructed Mr. Crespo not to answer many of her questions. In doing so, Chevaldina believes that Mr. Mandel spoke more than Mr. Crespo and that he objected approximately one hundred times before the deposition concluded.

Making matters worse, Chevaldina claims that Mr. Crespo had no knowledge of the information in the deposition notice relating to Plaintiff's disclosure of her protected personal information and was therefore unprepared. And because Mr. Crespo was unprepared and Plaintiff's counsel acted inappropriately throughout the

---

[2] Chevaldina suggests that Mr. Rosman was making noises on the phone in his attempt to disrupt the deposition.

deposition, Chevaldina requests (1) that sanctions be awarded in the form of fees and costs, (2) that the Court compel the continued deposition of Mr. Crespo, and (3) that the discovery period be extended.

Rule 30 is clear on what types of objections an attorney may make and when counsel may instruct a deponent not to answer a question. Rule 30 states in relevant part the following:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). Testimony taken during a deposition is to be completely that of the deponent, not a version of the testimony which has been edited or glossed by the deponent's lawyer. *See Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D. Pa. 1993). This means that the witness must be allowed to provide an answer to the best of his or her ability, free from any influence by the attorney. If the witness is confused about a question, or if a question seems awkward or vague to the witness, the witness may ask the deposing counsel to clarify the question.

Moreover, "Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice . . . If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to

4

sanctions." *King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D. Fla. 1995). When producing a corporate representative for deposition, a duty extends beyond the mere act of presenting a human body to speak on the corporation's behalf. Instead, the party producing the witness has a duty to prepare the deponent.

Here, Chevaldina's motion is not entirely without merit because – after a thorough review of the deposition transcript – Mr. Mandel violated the Federal Rules when he repeatedly instructed Mr. Crespo not to answer Chevaldina's questions, especially those based on form and relevancy. If Mr. Mandel felt compelled to make objections, he should have made those briefly on the record and the deposition should have continued with the testimony of Mr. Crespo. Then, if necessary, the Court would determine any relevancy issues. Alternatively, a motion for protective order should have been raised and the deposition suspended.

Instead, Mr. Mandel made improper speaking objections and instructed Mr. Crespo not to answer Chevaldina's questions, which amounted to providing the witness with counsel's preferred answer to the question. This was a clear violation of the Federal Rules and the amendments to Rule 30 that were intended to combat this exact sort of conduct that is complained of here. The purpose of Rule 30 is to ensure that the examination and cross-examination of deponents proceeds as it would at trial. Therefore, it is well understood that counsel should refrain from conduct that crosses the line between proper representation of their clients and improper interference in depositions. Because Mr. Mandel engaged in improper speaking objections and repeatedly instructed Mr. Crespo not to answer

Chevaldina's questions for no justified reason, we conclude that Mr. Mandel's conduct violated the Federal Rules.

However, despite Mr. Mandel's conduct violating the Federal Rules, Chevaldina's motion must be denied because it is clear that Mr. Crespo is not aware of Plaintiff sharing any of Chevaldina's protected personal information. Chevaldina questioned Mr. Crespo repeatedly on whether he was aware of Plaintiff violating the DPPA. But, Mr. Crespo, when he was allowed to answer, testified that he lacked any knowledge of Plaintiff sharing Chevaldina's information. And, as for the remainder of Chevaldina's questions, many – if not all – of them were either irrelevant to the facts of this case or vastly overbroad with respect to the deposition notice. As such, we are unpersuaded that a subsequent deposition would offer any additional testimony that was not otherwise provided and therefore Chevaldina's motion for sanctions is **DENIED**.

### B. *Chevaldina's Motion for an Extension of the Discovery Period [D.E. 201]*

On May 29, 2018, Chevaldina filed a motion for an extension of the discovery period[3] because (1) Plaintiff's counsel disrupted her deposition (as stated above) and (2) Ms. Mandel failed to appear for her noticed deposition. [D.E. 201]. Chevaldina's motion lacks merit for at least two important reasons. First, the Court previously held on May 30, 2018 that Plaintiff was entitled to a protective order for Ms. Mandel because Chevaldina failed to meet her burden of establishing that the deponent was an officer, director, or managing agent of CIR. [D.E. 205]. And it is

---

[3]  The discovery deadline in this case passed on May 31, 2018. [D.E. 44].

6

well settled that the party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined. As such, Chevaldina's motion for an extension of the discovery period fails for the same reasons as stated before because Chevaldina never met her burden of establishing that Ms. Mandel is a party to the litigation that may be subject to a deposition notice.

Second, Chevaldina's motion is unpersuasive because, although Plaintiff's counsel engaged in improper speaking objections during Mr. Crespo's deposition, we are unpersuaded that another deposition would provide any additional testimony that was not otherwise provided on May 18, 2018. The deposition transcript also establishes that Mr. Crespo was prepared and that he lacked any knowledge on Plaintiff distributing Chevaldina's protected personal information. Accordingly, there is no reason to extend the discovery period in this case and therefore Chevaldina's motion is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Chevaldina's motion for sanctions [D.E. 200] and motion for an extension of the discovery period [D.E. 201] are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of June, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge