UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20905-Civ-KING/TORRES

CENTER FOR INDIVIDUAL RIGHTS,

    Plaintiff,

v.

IRINA CHEVALDINA,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on the Center for Individual Rights' ("Plaintiff" or "CIR") motion for default judgment against Irina Chevaldina ("Defendant" or "Chevaldina"). [D.E. 235]. Chevaldina responded on July 9, 2018 [D.E. 242] to which Plaintiff replied on July 16, 2018. [D.E. 245]. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion for default judgment is **DENIED**.

### *I. BACKGROUND*

This is an action for breach of contract. The complaint – filed on March 11, 2016 [D.E. 1] – alleges that Plaintiff represented Chevaldina *pro bono* in an appeal before the 11th Circuit in *Katz v. Google*, Appeal No. 14-14525, in which the Eleventh Circuit affirmed summary judgment in favor of Chevaldina in a copyright

1

infringement action.[1] *See Katz v. Google, Inc.*, 802 F.3d 1178 (11th Cir. 2015), *aff'g*, *Katz v. Chevaldina*, 12-cv-22211, 2014 WL 5385690 (S.D. Fla. Sept. 5, 2014). Plaintiff alleges that Chevaldina had few financial obligations under the retainer agreement in that case and that Plaintiff paid the out of pocket expenses of the suit. Plaintiff contends that it only asked Chevaldina for (1) reasonable attorney fees and expenses as permitted under law, and (2) that Chevaldina provide Plaintiff with any fees or expenses that were attributable to Plaintiff's expenditures and/or the work of its attorneys. If Chevaldina decided to settle the case, Plaintiff alleges that Chevaldina was also obligated to provide Plaintiff with a reasonable amount in attorney's fees and expenses.

In December 2015 – while being represented by another attorney – Defendant settled all the remaining claims in the *Katz* case. In the settlement, Plaintiff claims that Defendant obtained only $10,000 in attorneys' fees for the work of Plaintiff's attorneys as well as both taxable and non-taxable costs. Shortly thereafter, Plaintiff sought to challenge the fee award in the Eleventh Circuit, but Defendant allegedly instructed Plaintiff to withdraw its motion and Plaintiff reluctantly complied. Therefore, Plaintiff suggests that Defendant did not obtain a reasonable amount in attorneys' fees for the work of Plaintiff's attorneys and that Defendant breached the retainer agreement. In exchange for the low sum of $10,000 in attorneys' fees, Plaintiff alleges that Chevaldina agreed with Katz to drop a substantial claim against Chevaldina in excess of $100,000. Because

---

[1]     Plaintiff is a public interest law firm organized under the laws of the District of Columbia.

2

Plaintiff alleges that it has been deprived of a reasonable attorney fee award, Plaintiff seeks judgment against Chevaldina in an amount of no less than $105,000 – including reasonable costs and expenses in accordance with 28 U.S.C. § 1920.

## *II. ANALYSIS*

Plaintiff's motion seeks default judgment against Chevaldina on CIR's breach of contract claim for her repeated disobedience of the Court's discovery orders.[2] Plaintiff's motion relates back to November 30, 2017, when CIR served its second request for the production of documents. In this request, CIR sought (1) all cancelled checks or other evidence of payment to Gelbert, Schacter, and Greenberg, P.A. ("GSG"), and (2) all bills from GSG for its representation of Chevaldina in state court. Chevaldina objected to these requests and did not produce any documents. [D.E. 205]. While Chevaldina conceded that GSG was the law firm that previously represented her, she claimed that the items requested were protected under the attorney-client privilege and that she did not have any *non-privileged* responsive documents to produce. As such, CIR filed a motion to compel.

On May 30, 2018, we granted CIR's motion to compel and ordered Chevaldina to provide a better response within fourteen days. We determined that Chevaldina's objections were boilerplate in nature and that "Plaintiff's theory of how and why Chevaldina breached the retainer agreement is reasonable given the facts presented." [D.E. 205]. Chevaldina served her amended responses on June 13, 2018. Plaintiff claims that these responses were inadequate because the

---

[2] Alternatively, CIR moves for any other appropriate sanction under Rule 37 and the opportunity to subpoena GSG and any bank whose checks Chevaldina used to pay GSG.

3

discovery order required Chevaldina to provide a better response in relation to the state court litigation – not the federal copyright case. Because Chevaldina stated that she has no responsive documents for GSG's representation of Chevaldina in the federal copyright case, Plaintiff concludes that Chevaldina's response is meaningless and that her conduct should be sanctioned under Rule 37.

In response to Plaintiff's attempt to confer, Chevaldina replied that she does "not have any responsive documents in [her] possession and control other than [what has] already [been] produced in response to CIR's request 1-2." [D.E. 235-2]. Plaintiff claims that this is obviously false because Chevaldina has never stated that she does not have any responsive documents to CIR's actual request (which relates to the state court litigation), but that she has no documents related to the federal copyright litigation. Plaintiff also argues that Chevaldina has total control over the documents requested and that they would be produced if she would merely direct GSG to release them. Despite Plaintiff's attempts to confer and explain to Chevaldina that the documents sought relate to the state court case, CIR claims that Chevaldina continues to assert that she has no documents in relation to the federal copyright case. Plaintiff speculates that Chevaldina is deliberately engaging in gamesmanship to avoid producing the items requested and that she is intentionally disobeying a Court order. As such, Plaintiff concludes that Chevaldina should be sanctioned for her failure to produce any documents in response to requests 1-2.

A District Court has broad discretion under Rule 37 to impose sanctions for failing to comply with a Court order. *See Dorey v. Dorey,* 609 F.2d 1128, 1135 (5th Cir. 1980); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2283 (1970). This discretion, however, is not without limits. It should be exercised discreetly, and the sanctions imposed should be "no more drastic than those actually required to protect the rights of other parties . . . ." *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1126 (5th Cir. 1971). To impose sanctions under Rule 37, the Court need only find that the misconduct was not substantially justified or that sanctions would be unjust.

Unlike sanctions against an attorney through 28 U.S.C. § 1927 or the Court's inherent power, in which the court must make a finding of "bad faith," *see Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1260 (11th Cir. 2006); *Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1320 (11th Cir. 2002), Rule 37 has no such requirement. *See Devaney v. Continental American Ins. Co.,* 989 F.2d 1154 (111th Cir. 1993) (rejecting the argument "that Rule 37 requires the court to make a finding of bad faith before it may impose sanctions upon an attorney"). Instead, "the 1970 amendments [to Rule 37] were specifically enacted to eliminate the possibility that a bad faith requirement would be read into the rule, and they contain no suggestion that bad faith should remain a prerequisite when an attorney, as opposed to a client, is subjected to sanctions." *Id.* at 1162; *see also Carlson v. Bosem,* 2007 WL 1841067, at *2 (11th Cir. June 28, 2007) ("Defendants' contention that the district court was required to find that Dr.

5

Bosem and his lawyer had acted in bad faith before ordering sanctions against them is also without merit.") (citing *Devaney,* 89 F.2d at 1162); *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 695 (11th Cir. 1995) ("If the attorney failed to make a reasonable inquiry, then [under Rule 11] the court must impose sanctions despite the attorney's good faith belief that the claims were sound.").

"[T]he decision to enter a default judgment[] ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir. 1986) (alteration added); *Malautea v. Suzuki Motor Co. Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Malautea,* 987 F.2d at 1542. Moreover, as a sanction, default judgment is appropriate only "'when less drastic sanctions would not ensure compliance with the court's orders.'" *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1306 (11th Cir. 2006) (quoting *Malautea,* 987 F.2d at 1542). Nevertheless, "a default sanction may be proper even when not preceded by the imposition of lesser sanctions. When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Malautea,* 987 F.2d at 1544.

After a thorough review of the arguments presented, we are unpersuaded that Plaintiff is entitled to default judgment on its breach of contract claim. The Eleventh Circuit has consistently found that Rule 37 sanctions – such as dismissal

6

or entry of default judgment – are only appropriate "where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation marks omitted); *see also Wouters v. Martin Cty., Fla.*, 9 F.3d 924, 933 (11th Cir. 1993) ("We have consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure *to abide by court orders,* dismissal is justified only in extreme circumstances and as a last resort.") (emphasis added); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim, like the decision to enter default judgment, ought to be a last resort—ordered only if noncompliance with *discovery orders* is due to willful or bad faith disregard for those orders.") (emphasis added); *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538, 1542 (11th Cir. 1985) (same); *Malautea,* 987 F.2d at 1542 ("[A] default judgment sanction requires a willful or bad faith failure to obey a *discovery order* . . . Violation of *a discovery order* caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.") (emphasis added) (citation omitted).

While Plaintiff suggests that Chevaldina meets this standard, that contention relies on nothing more than speculation of Chevaldina's refusal to produce documents. If anything, the most reasonable inference is that Chevaldina, as a *pro se* defendant, misunderstood the discovery request at the time she responded to Plaintiff's requests for production. As such, Plaintiff's motion for

7

default judgment is **DENIED** because there is little to no support for a sanction of that magnitude.

As for Plaintiff's request for an appropriate lesser sanction, we find that this request is also unavailing. During their conferral emails, Chevaldina responded to Plaintiff on June 15, 2018 to make clear that she does not have *any* responsive documents in her possession and control other than the items already produced. [D.E. 242]. Chevaldina also sent a second email a few hours later to clarify that "she does not have [the] requested documents in her possession, custody, or control." *Id*. And both emails were sent after Plaintiff explained the nature of the documents requested.[3] Therefore, Plaintiff's motion for a lesser sanction is also **DENIED**.

Although Chevaldina does not have any documents in her possession or control, the items Plaintiff seeks should certainly be within the custody and control of GSG. And it is well settled that the billing and fee information that Plaintiff seeks is not privileged. *See Gold Coast Prop. Mgmt., Inc. v. Valley Forge Ins. Co.*, 2010 WL 9871643, at *5 (S.D. Fla. Jan. 26, 2010) *(*"Billing and fee payment

---

[3] There is nothing improper about a discovery response that asserts that a document does not exist and courts have uniformly adhered to this position. *See Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007) (declining to compel production where party objected "on the basis that it believes no [responsive] document to exist [and] . . . [i]f a document is not in the possession, custody or control of a party, then it clearly cannot be turned over."); *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("Under ordinary circumstances, a . . . good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production . . . .") (citation omitted); 4 Wright & Miller, *Federal Practice & Procedure: Civ. 2d* § 2213 (2d ed. 1994) (noting that nothing more is required in responding to discovery request than response "saying that a particular document is not in existence or that it is not in the responding party's possession, custody, or control").

8

information is likewise not protected.") (citing *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005); *Finol v. Finol,* 869 So. 2d 666 (Fla. 4th DCA 2004) (finding that billing information that does not reveal mental impressions and opinions of counsel is not privileged); *P. & B. Marina, Ltd. P'ship v. Logrande,* 136 F.R.D. 50, 55 (E.D.N.Y.1991) (finding that request to pay fees and attached statement of fees was not privileged)). Therefore, GSG, as an agent of Chevaldina, is directed to produce all the items requested during the relevant period within seven (7) days from the date of this Order.[4] To this extent, Plaintiff's motion is **GRANTED**, and in all other respects the motion is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment, or any other sanction under Rule 37 is **GRANTED in part** and **DENIED in part** as set forth above. [D.E. 235].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of August, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[4] Plaintiff shall serve this Order on GSG and confer on the items requested prior to any production. To the extent that any of the documents have not already been produced, GSG shall comply with this Order.

9