UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20905-CIV-DIMITROULEAS

CENTER FOR INDIVIDUAL RIGHTS,

    Magistrate Judge Becerra

    Plaintiff,

vs.

IRINA CHEVALDINA,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Omnibus Order on Plaintiff's Motion for Contempt and Plaintiff's Motion for Order to Show Cause (the "Report") [DE 433] and Plaintiff's Objections to the Order [DE 433] Dated August 10, 2021 ("Plaintiff's Objections") [DE 435]. The Court will construe the Magistrate Judge's Order as a Report and Recommendation. Accordingly, the Court has conducted a *de novo* review of the Report [DE 432] and Plaintiff's Objections [DE 435] and otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de*

*novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

After presiding over a nearly two-hour hearing on Plaintiff's Motion for an Order Holding Defendant in Contempt [DE 348] and Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt for Fabrication of Evidence and Fraud Upon the Court [DE 240], Magistrate Judge Becerra recommends that the motions be denied.

Defendant objects first objects to Magistrate Judge Becerra's choice to issue an order denying the motions rather than entering a report and recommendation. Without determining that Magistrate Judge Becerra was incorrect to enter an order rather than a report and recommendation, the Court will construe her order as a report and recommendation and review such *de novo*.

Having carefully considered Plaintiff's Objections and having reviewed the arguments, case law, and evidence presented, the Court overrules the Objections.  The Court agrees with the analysis and conclusions set forth in Magistrate Judge Becerra's well-reasoned Report.

In its Objections to the Report and Recommendation, Plaintiff takes issue with multiple portions of the Magistrate Judge's reasoning. First, Plaintiff appears to contend that the Magistrate Judge gave too much weight to Defendant's *pro se* status. Second, Plaintiff takes issue with Magistrate Judge Becerra's reasoning that the motion for an order to show cause "should be denied in its entirety because a finding that Defendant engaged in fabrication would have no substantive effect on the proceedings before the Court. The exhibit at issue was the

foundation for Defendant's DPPA Counterclaim for which the District court already granted summary judgment in favor of Plaintiff." Plaintiff believes that this reasoning is inconsistent with the Eleventh Circuit's mandate.

As to the Motion for an Order Holding Defendant in Contempt the Court agrees with Magistrate Judge Becerra's reasoning that the Motion should be denied because "the suggestion that Defendant be held in criminal contempt for failure to provide information that she is no longer required to produce is rejected as excessive." Order 12, [DE 433]. The weight given to Defendant's *pro se* status would not alter this Court's finding that holding Defendant being held in criminal contempt in the present context would be excessive and a waste of judicial resources.

As to the Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt for Fabrication of Evidence and Fraud Upon the Court, the Court similarly agrees with Magistrate Judge Becerra's findings that further sanctions of Defendant would be excessive and a waste of judicial resources given the evidence thus presented of fraud, the posture of the case, and Defendant's *pro se* status. Such reasoning does not appear to conflict with the Eleventh Circuit's holding that the sanctions issues were not merely *moot* upon the entrance of a final judgment in this case.

I. **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 433] is hereby **APPROVED**;
2. The Objections [DE 435] are **OVERRULED**;
3. Plaintiff's Motion for an Order Holding Defendant in Contempt [DE 348] is **DENIED**

4. Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt for Fabrication of Evidence and Fraud Upon the Court [DE 240] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of August, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record